**U.S. COURTS**

**REDACTED PURSUANT TO 18 U.S.C. § 3509(d)**

**MAY 2 0 2013**

Rcvd_____Filed_____Time_____
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

WENDY J. OLSON, IDAHO STATE BAR NO. 7634
UNITED STATES ATTORNEY
JAMES M. PETERS, WASHINGTON STATE  STATE BAR NO. 7295
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
800 E. PARK BOULEVARD, SUITE 600
BOISE, IDAHO  83712-7788
TELEPHONE:  (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CR 13-033-S-EJL |
| | ) | |
| vs. | ) | **RULE 11 PLEA AGREEMENT** |
| | ) | |
| JASON LLOYD SCHABER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Rev. November 2012 (General)

## I.   GUILTY PLEA

**A.   <u>Summary of Terms</u>.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1) (A) and (B), the defendant, the attorney for the defendant, and the Government[1] agree that the defendant will waive his right to indictment and plead guilty to a Superseding Information, which charges the defendant with Sexual Exploitation of Children, in violation of 18 U.S.C. § 2251(a) and Distribution of Sexually Explicit Images of a Minor, in violation of 18 U.S.C. § 2252(a)(2).

**<u>Forfeiture Allegation</u>:** In connection with the violations set out above, the defendant agrees to forfeiture of the property referred to below.

This plea is voluntary and did not result from force, threats, or promises, other than any promise made in this Plea Agreement. Upon acceptance of the defendant's guilty plea, and the defendant's full compliance with the other terms of this Agreement, at the time of sentencing the Government, under Federal Rule of Criminal Procedure 11(c)(1)(A), will move to dismiss the Indictment, and under Federal Rule of Criminal Procedure 11(c)(1)(B), will recommend a sentence of 360 months incarceration followed by lifetime supervised release.

The defendant agrees that the Court may consider uncharged "relevant conduct" in arriving at an appropriate sentence pursuant to USSG § 1B1.3.

**B.   <u>Oath</u>.** The defendant will be placed under oath at the plea hearing. The Government may use any statement that the defendant makes under oath against the defendant in a prosecution for perjury or false statement.

---

[1] The word "Government" in this Agreement refers to the United States Attorney for the District of Idaho.

## II.   WAIVER OF CONSTITUTIONAL RIGHTS AT TRIAL

The defendant understands that by pleading guilty, the Defendant waives the following rights: 1) the right to plead not guilty to the offense charged against the defendant and to persist in that plea; 2) the right to a trial by jury, at which the defendant would be presumed innocent and the burden would be on the Government to prove the defendant's guilt beyond a reasonable doubt; 3) the right to have the jury agree unanimously that the defendant was guilty of the offense; 4) the right, at trial, to confront and cross-examine adverse witnesses; 5) the right to present evidence and to compel the attendance of witnesses; and 6) the right not to testify or present evidence without having that held against the defendant.  If the District Court accepts the defendant's guilty plea, there will be no trial.

## III.   NATURE OF THE CHARGES

**A.**   <u>Elements of the Crime.</u>  The elements of the crime of Sexual Exploitation of Children, as charged in Count One, are as follows:

1.   That the victim was less than 18 years old;

2.   Second, the defendant intentionally employed, used, persuaded, induced, enticed or coerced a minor to take part in sexually explicit conduct for the purpose of producing visual depictions of that conduct; and

3.   The defendant knew or had reason to know that such visual depiction would be transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce; or were produced using materials that have been mailed or shipped or transported in and affecting interstate or foreign commerce by any means, including by computer; or the visual depiction was actually transported using any means and facility of interstate and foreign commerce or in and affecting interstate and foreign commerce.

The elements of the crime of Distribution of Sexually Explicit Images of Minors, as charged in Count Two, are as follows:

1.      That the defendant knowingly distributed a visual depiction using any means or facility of interstate or foreign commerce by any means, including a computer;

2.      That the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

3.      That such visual depiction was of a minor engaged in sexually explicit conduct;

4.      That the defendant knew that such visual depiction was of sexually explicit conduct; and

5.      The defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

**B.      Factual Basis.**   If this matter were to proceed to trial, the Government and the defendant agree that the following facts would be proven beyond a reasonable doubt:

On April 8, 2012, Boise Police investigators, members of the Idaho Internet Crimes Against Children Task Force, began an investigation based on a citizen's report of concern about an advertisement posted under the heading "Casual Encounters" on the Craigslist website in the Boise area.[2]  The ad heading stated, "we need u Chester - mw4m."[3]  The body of the ad stated:

> I'm an ol perv looing for a man to bathe my daughter then rub lick
> n play with her while I watch u being bi and plus u could dominate
> both of us email back put bi or straight in headline must bjue
> chester  [sic]

The citizen informant said he had responded to the ad through Craigslist and asked the person who posted it how old the daughter was.  He received a response via email from an

---

[2] Craigslist is a website providing online classified ads where users can post items to buy and sell.  http://boise.craigslist.org/.  Craigslist is headquartered in San Francisco, California.

[3] The word "Chester" is sometimes used as code to refer to persons who have a sexual interest in prepubescent girls.  It is based on a comic strip in Hustler magazine titled "Chester the Molester."  *See* http://en.wikipedia.org/wiki/Chester_the_Molester.  According to Det. Brady, "mw4m" is a slang acronym for "man-woman-4-man."

individual using the email address "kw95124@gmail.com" with the associated name on the email address of "kevin warren." The response stated "34-3," which the informant inferred meant the person placing the ad was 34 years old and his daughter was three (3) years of age. The informant received another email approximately 15 minutes later that stated "3 kool?" A short time later the informant discovered the ad had been deleted. The informant contacted the child abuse hotline and the Boise Police Department.

Boise Police Detective Tim Brady obtained search warrants for the Craigslist account and the associated Gmail account.[4] The results from Craigslist showed that the same user had posted four similar ads total in the Boise area Craigslist between September 19, 2011 and April 7, 2012; three of the ads were advertising to trade sex with his daughter for money. Each of the ads contained similar identifying information about the person who posted them, including the email address, "kw95124@gmail.com," and telephone number 208-906-XXXX (intentionally redacted). Records information for this phone number showed it is a wireless phone belonging to Jason L. Schaber, DOB November 18, 1972, residing at 3685 Summerset Way, Boise, ID.

Internet Protocol (IP) information showed that the Craigslist account was being accessed with online services provided by Qwest-Century Link,[5] dating back to September 2011 when the first ad was posted. Det. Brady issued an administrative subpoena to Qwest/CenturyLink

---

[4] Gmail is a free email service provided by Google, Inc., which is headquartered in Mountain View, California.

[5] CenturyLink, headquartered in Monroe, La., provides data, voice and managed services in local, national and select international markets. CenturyLink acquired Qwest Communications on April 1, 2011.

regarding the Craigslist ads and determined that the IP addresses related to the aforementioned ads placed between September 19, 2011 and April 7, 2012 were leased to Jason Schaber's mother at 3685 Summerset Way, Boise 83709. .

The results from the Gmail (Google) search warrant included emails sent from, and received at, the Gmail address kw95124@gmail.com through May 12, 2012. Multiple emails identifying Jason Schaber as the user of the account, and the pseudonym "kevin warren," were found within the data provided by Google. Det. Brady examined the emails for the Gmail address kw95124@gmail.com and located multiple files in the "Inbox" and "Sent Messages" folders that contained images and videos depicting minors engaged in sexually explicit conduct, indicating child pornography[6] files had been both sent and received through this Gmail account.

The following is a summary of child pornography files that the parties agree Schaber knowingly distributed, or attempted to distribute using his Gmail account, "kw95124@gmail.com," on the dates indicated below, from the District of Idaho, using online services provided by Qwest/Century Link. The defendant sent the images and videos in computer files, via the Internet, directed to the intended recipients' email addresses, variously hosted by Yahoo!, American Online (located in Virginia), and Hotmail (Microsoft-located in Washington State). The parties agree that Internet access and email supplied by these providers including are means or facilities of interstate and foreign commerce.

The parties further agree that the defendant knew that the production of the images and videos listed in the next paragraph, which included several that he produced himself, involved

---

[6] The term "Child Pornography" as used herein includes the definition in 18 U.S.C. § 2256(8)(A), relating to visual depictions, the production of which involve the use of a minor engaged in sexually explicit conduct.

the use of prepubescent minors engaging in sexually explicit conduct, including but not limited to actual and simulated intercourse, oral sex, and the lascivious exhibition of the genitals and pubic area:

| Distribution Date | Intended Recipient[7] and Truncated File Name |
|---|---|
| 9/19/11 | (redacted)@yahoo.com - hehe.jpg |
| 10/1/11 | (redacted)@aol.com - nice.jpg |
| 10/2/11 | (redacted)@hotmail.com - hows this.jpg |
| 11/17/11 | (redacted)@yahoo.com - Capture_20111106_4.wmv |
| 1/26/12 | (redacted)@yahoo.com - mmm..jpg |
| 2/7/12 | (redacted)@hotmail.co.uk - Capture_20111114_1.wmv |
| 3/17/12 | (redacted)@hotmail.co.uk - 102_0120.jpg |
| 3/18/12 | (redacted)@yahoo.com - IMG_20120318_022430.jpg |
| 3/24/12 | (redacted)@live.com - Capture_20111114_1 (2).wmv |
| 3/31/12 | (redacted)@yahoo.com - video-2011-09-19-18-40-23.mp4 |
| 3/31/12 | (redacted)@hotmail.co.uk - hun..jpg & mmm..jpg |
| 4/8/12 | (redacted)@gmail.com - IMG_20120318_022430.jpg |
| 4/8/12 | (redacted)@yahoo.com - IMG_20120318_022430.jpg |
| 4/8/12 | (redacted)@gmail.com - IMG_20120318_022430.jpg |
| 4/23/12 | (redacted)@gmail.com - 4.jpg |
| 4/24/12 | (redacted)@hotmail.com - 4.jpg & mmm..jpg |

---

[7] The intended recipient's complete emails addresses are intentionally redacted to protect their privacy, and to protect the integrity of ongoing investigations concerning the users of these email addresses.

Some of the email exchanges involved Schaber sending child pornography to persons who responded to his Craigslist advertisements. For example, Det. Brady reviewed series of email communications from April 8, 2012, between Schaber, using the Gmail account kw95124@gmail.com, and the user of the email address "(redacted)@yahoo.com"[8] (email address intentionally redacted), who had responded to the ad posted on Craigslist titled "we need u Chester - mw4m." The responder requested a picture of (a particular prepubescent child). Schaber responded from email address kw95124@gmail.com on April 8, 2012 at 3:58 A.M. to and attached a child pornography image that showed a close-up of a very young, prepubescent female's nude genitals. After several emails discussing sexual acts that might be performed on the child, Schaber sent a reply to the user of the email address (redacted)@yahoo.com and attached a video file titled, **"video-2011-09-19-18-40-23.mp4."** The video file is twenty-nine seconds in length and depicts close-up footage of a very young, prepubescent female wearing a pink dress with white polka dots. She is reclining, propped up on some type of furniture, and looking at a children's book. The person operating the camera zooms in on the child's exposed genital and anal area and uses his thumb and pointer finger to open the child's labia. The child's genital area and buttocks appear red, and the skin appeared to be irritated. The child was seen attempting to move away from the person manipulating her genital area.

Det. Brady served a search warrant at Schaber's home in Boise, Idaho, on May 31, 2012. The Defendant was encountered near his home and was taken into custody. A three-year-old

---

[8] Yahoo! is a company headquartered in Sunnyvale, California. Among other services, Yahoo! offers email services via computers or other devices connected to the internet.

female child, "Jane Doe A," was living at the home in the care and custody of the defendant and other relatives. "Jane Doe A" was taken into protective custody. A large quantity of computer equipment was found in the home, including in Schaber's personal bedroom, which he shared with "Jane Doe A."

Homeland Security Investigations Computer Forensic Specialist Brad Thrall conducted an on-site preview of Schaber's HP Presario laptop computer, serial number 2CE8318899. It contained a Western Digital Hard Drive, serial number WD1600BEVT with a manufacturer's label "Product of Thailand." Schaber told the investigators this was his primary computer. SA Thrall found child pornography images and videos on the hard drive of the HP Presario laptop computer during this preview. For example, he located a video file titled **"Capture_2011211114_1.wmv."** This is the same video as one of the child pornography videos Det. Brady had seen in the "kevin warren" Gmail account that had been sent to multiple other individuals. It depicts a prepubescent female lying on what appears to be a bed. The child's face is covered in blankets and sheets, but based on her physical development and body size, she appeared to be two to four years of age. A diaper is seen near the child as if it had just been removed. The child's legs were spread open exposing her genital area and the focus of the camera is on her genitals.

SA Thrall found another digital video file, titled **"manda best(2).wmv,"** on the HP Presario laptop computer. Det. Brady determined from reviewing the Gmail search results that this same video, with a file name **"Capture_20111106_4.wmv,"** had been sent from the "kevin warren" email account on November 17, 2011 and at 1:35 A.M. and again at 1:45 A.M. to a person using the email address "(redacted)@yahoo.com)" (intentionally redacted). The video

depicts a nude prepubescent female, who appears to be two to four years of age, sitting on the lap/side of an adult male wearing a black t-shirt and dark boxer briefs. The faces are not visible. The male appeared to by lying on a bed. The male is rubbing the child's genitals, opening the labia to expose it and digitally penetrating the child. The child can be seen attempting to move and get away from the male and close her legs. The male holds the child down and opens her legs several more times as he continues to perform the same actions.

The items seized from Schaber's home were sent to the United States Department of Justice, Child Exploitation and Obscenity Section, High Technology Investigative Unit for additional forensic examination. The following is a short summary of the items seized from Schaber's home that contained sexually explicit images of minors, or evidence of possession, distribution or transportation of the same, including evidence of Yahoo Messenger chats and Gmail activity associated with Craigslist postings:

**A 2GB mini-sd card**

**An 8 GB Cisco Flip Video Camera,** serial number 00N10CE90WM749, bearing a manufacturer's trade label "Made in China."

**A 15 GB Fusion/Toshiba[9] Laptop Hard Drive,** serial number 71G19868T, bearing a manufacturer's trade label "Made in Philippines."

**A HP g60 Laptop Computer,** serial number 2CE938TD7G.

**A Hitachi 320 GB Hard Drive,** serial number 090901FBC406CEHP55NC, bearing a manufacturer's trade label "Product of Thailand.".

---

[9] The property invoice mistakenly referred to this as a "Fusion" apparently based on logo written in cursive writing on the item that is difficult to read.

**A 320 GB Seagate External Hard Drive,** serial number 2GE1XL0Q, bearing a manufacturer's trade label "Product of China."

**A 1GB SD Card from Digital Concepts Video Camera.**

**A 320 GB Seagate External Hard Drive,** serial number 2GE1XKYE bearing a manufacturer's trade label "Product of China."

**A 160 GB Iomega External Hard Drive.**

**An 80  GB Toshiba laptop**

Among the child pornography files appended to the emails were some that were self-produced by Schaber depicting the victim "Jane Doe A" (her real name is known to the parties but is redacted to protect her privacy). "Jane Doe A" was born in the year 2009. These images and videos depict her being subjected to various sexual acts, including actual or simulated genital penetration by physically developed erect penis, digital penetration of the vagina, and fondling, masturbation and lascivious display of the genitals.

The parties agree that the defendant, Jason Schaber, produced the following images and videos between on or about April 28, 2010, and May 31, 2012, in the District of Idaho, and he is the adult male depicted in them.  The parties further agree that the defendant, knowingly employed, used, persuaded, induced, enticed, or coerced  the prepubescent female minor(s) depicted in the files listed below, who are less than six years of age, and known to the defendant, to engage in sexually explicit conduct, for the purpose of producing visual depictions of such conduct, including the digital image files:

IMG_0310.JPG,

_MG_0311.JPG,

IMG_0312.JPG,

IMG_0313.JPG,

IMG_0314.JPG,

IMG_0315.JPG,

IMG_0316.JPG,

IMG_0317.JPG,

IMG_0318.JPG, and

IMG_0319.JPG,

which were produced using a Canon Powershot SX30 IS camera, serial number 092051004160,

manufactured in Japan; a San Disk 2GB Micro SD card, serial number 10173163456894, bearing

a manufacturer's trade label "Made in Taiwan;" and a "LG" brand Micro SD Adapter," bearing a

manufacturer's trade label "Made in China;" and including digital movie files:

Capture_20111114_1.wmv,

Capture_20111114_1 (1).wmv,

Capture_20111114_1 (2).wmv,

Capture_20111114_1 (3).wmv, and

Capture_20111114_1 (4).wmv,

which were produced using a 320 GB Seagate External Hard Drive, serial number 2GE1XKYE,

bearing a manufacturer's trade label "Product of China;" and including digital movie files:

manda2011-09.mp4, and

video-2011-09-19-18-40-23.mp4,

which were produced using a HP G60 Laptop computer, serial number 2CE938TD7G and a

Hitachi 320 GB Hard Drive, serial number 090901FBC406CEHP55NC, bearing a manufacturer's

trade label "Product of Thailand;" and a 320 GB Seagate External Hard Drive, serial number

2GE1XKYE, bearing a manufacturer's trade label "Product of China;" and including digital

movie files:

> Capture_20111106_4 (1).wmv, and
>
> Capture_20111106_4.wmv,

which were produced using a 320 GB Seagate External Hard Drive, serial number 2GE1XKYE,

bearing a manufacturer's trade label "Product of China;" and including digital movie files:

> VID00002.MP4,
>
> VID00003.MP4,
>
> VID00004.MP4,
>
> VID00005.MP4,
>
> VID00006.MP4,
>
> VID00007.MP4 and
>
> VID00008.MP4,

which were produced using an 8 GB Cisco Flip Video Camera, serial number

00N10CE90WM749, bearing a manufacturer's trade label "Made in China."

## IV.   SENTENCING FACTORS

**A.   Penalties.** A violation of 18 U.S.C. Section 2251(a), as charged in Count One of the Superseding Information, is punishable by a term of imprisonment of not less than 15 years, nor more than 30 years, a term of supervised release at least 5 years, up to life, a maximum fine of $250,000, and a special assessment of $100.

A violation of 18 U.S.C. Section 2252(a)(2), as charged in Count Two, is punishable by a term of imprisonment of not less than 5 years, nor more than 20 years, a term of supervised release of not less than 5 years to life, a maximum fine of $250,000, and a special assessment of $100.

The defendant understands that a sentence will be imposed on each count.  The sentences may be made to run concurrently (at the same time), or if neither count carries an adequate statutory maximum, in its discretion, the Court may impose a consecutive sentence (one to be served after the other) to the extent necessary to achieve a total punishment that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). *See also* USSG § 5G1.2.

**B.   Supervised Release.** The Court must impose a period of supervised release of at least 5 years, up to life. No agreement exists as to the length of supervised release.

The law permits the combined prison time and term of supervised release to exceed the maximum term of incarceration for the crimes to which the defendant is pleading guilty. Violation of any condition of supervised release may result in further penalties and/or prosecution.

**C.   Fines and Costs.** The Court may impose a fine.  No agreement exists as to the

amount of the fine. The Court may also order the defendant to pay the costs of imprisonment, probation, and supervised release.

**D.     Special Assessment.** The defendant will pay the special assessments before sentencing and will furnish a receipt at sentencing. Payment will be made to the United States District Court, Clerk's Office, Federal Building and United States Courthouse, 550 West Fort Street, Fourth Floor, Boise, Idaho 83724.

**E.     Restitution.** In addition to any fine or costs imposed, the defendant agrees to pay restitution equal to the loss caused to any victim of the charged offense pursuant to any applicable statute.

**F.     Forfeiture.**

The defendant understands that the Court will, upon acceptance of the defendant's guilty plea, enter a forfeiture order as part of the defendant's sentence, and that the forfeiture order may include assets directly traceable to the offense, assets used in the commission of the offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense. The defendant agrees to immediately forfeit to the United States the property set out in the Forfeiture Allegation of the Superseding Information.

The defendant agrees that the forfeitures herein are separate from all other penalties, including monetary ones. The defendant agrees to consent to any abandonment proceeding as to forfeitable property herein, and to the entry of orders of forfeiture for such property, including civil administrative forfeiture, civil judicial forfeiture, or criminal forfeiture which may be brought against the property, and agrees to waive the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging

instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. If this Agreement is withdrawn for any reason, the defendant waives the right to contest all civil and administrative forfeitures which began before the withdrawal.

The defendant agrees to assist fully in the forfeiture of the foregoing assets. The defendant agrees to complete a personal financial statement and to disclose all of the defendant's assets and sources of income to the Government, including all assets over which the defendant exercises or exercised direct or indirect control, or in which the defendant has had any financial interest, and to cooperate in obtaining any records relating to ownership of such assets when sought by the Government, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. The defendant further agrees that the defendant will not assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding or related civil forfeiture case, and that the defendant will testify truthfully in any such proceeding.

The defendant is the sole owner of the properties and property interests listed above, except as specifically set out herein. If the defendant is not the sole owner of these properties and interests, representations are false or inaccurate, the Government may pursue any and all forfeiture remedies available at law or equity based on the violations covered by this Agreement.

The defendant agrees to waive all constitutional, legal and equitable challenges (including

direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with regard to such challenge or review or with regard to the filing of a petition for remission of forfeiture.

The defendant agrees that the forfeiture provisions of this Plea Agreement will survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this Agreement. The forfeitability of any particular property pursuant to this Agreement shall be determined as if defendant had survived, and that determination shall be binding upon the defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full. If the crime(s) involved victims, then the defendant acknowledges and agrees that this Agreement to disgorge the defendant's wrongfully obtained criminal proceeds for the benefit of the defendant's victims is remedial in nature, and therefore that the defendant intends for the disgorgement to be completed regardless of any possible future abatement of defendant's criminal conviction. The United States District Court for the District of Idaho shall retain jurisdiction to settle any disputes arising from application of the foregoing forfeiture provisions.

## V.   UNITED STATES SENTENCING GUIDELINES

A.   **Application of Sentencing Guidelines.** The Court must consider the United States Sentencing Guidelines (USSG) in determining an appropriate sentence under 18 U.S.C. § 3553. The defendant agrees that the Court may consider "relevant conduct" in

determining a sentence pursuant to USSG § 1B1.3.

The Court is not a party to the Plea Agreement. The Plea Agreement does not bind the Court's determination of Sentencing Guidelines range. The Court will identify the factors that will determine the sentencing range under the Sentencing Guidelines. While the Court may take the defendant's cooperation, if any, and the recommendations of the parties into account, the Court has complete discretion to impose any lawful sentence, including the maximum sentence possible.

Recognizing that the Court is not bound by this Agreement, the parties agree to the recommendations and requests set forth below.

**B.**     **Sentencing Guidelines Recommendations and Requests.**

1.     **Acceptance of Responsibility.** If the defendant clearly accepts responsibility for the offense, the defendant will be entitled to a reduction of two levels in the combined adjusted offense level, under USSG § 3E1.1(a). The Government will move for an additional one-level reduction in the combined offense level under § 3E1.1(b) if the following conditions are met: (1) the defendant qualifies for a decrease under § 3E1.1(a); (2) the offense is level 16 or greater; and (3) the defendant has timely notified authorities of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. If, before sentence is imposed, the defendant fails to meet the criteria set out in USSG § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the Government will withdraw or not make such a recommendation.

2.     **Joint Recommendations.** The parties jointly make the following recommendations, and agree that the following shall be included as terms of the defendant's

sentence, expressly bargained for as a part of this plea agreement:

a)   **Psycho-Sexual Assessment** -- The defendant will submit to a sex offender evaluation pursuant to Title 18, United States Code, Section 3552(b) prior to sentencing in this case. It is the defendant's obligation to secure this evaluation from a mental health professional certified by the Idaho Sex Offender Classification Board (see, http://www2.state.id.us/socb/). The evaluation shall follow the format for psycho sexual evaluations set forth by the Idaho Sex Offender Classification Board and the Practice Standards and Guidelines for Members of the Association for the Treatment of Sexual Abusers (ATSA). The defendant agrees to submit to all evaluation procedures at the direction of the treatment provider, including phallometry and polygraph testing if the treatment provider deems them necessary.

b)   **Waiver of Confidentiality** -- The defendant agrees to waive any right to confidentiality and allow the provider conducting the psycho-sexual evaluation (and any subsequent treatment) to supply a written report(s) to the United States Probation Department, the Court and the United States Attorney.

c)   **Contact with Minors** -- The Defendant may not have direct or indirect contact with children under the age of eighteen, unless approved in advance, in writing, by his probation officer.

d)   **Access to Minors** -- The Defendant will not reside or loiter within 300 feet of schoolyards, playgrounds, arcades or other places, establishments and areas primarily frequented by children under the age of eighteen.

e)   **Occupational Restriction** – The defendant may not engage in any paid occupation or volunteer service that exposes him either directly or indirectly to minors, unless

approved in advance, in writing, by his probation officer.

> f)      **Restriction on Computer/Internet Use** -- The Defendant may not possess or use a computer or other electronic device connected to the Internet without the prior permission, in writing, from his probation officer.

> g)      **Possession of Sexually Explicit Matter Involving Minors** -- The Defendant will not possess any child pornography or obscenity, or sexually explicit visual or text (written) material involving minors.

> h)      **Polygraph Testing** -- The Defendant agrees to participate in polygraph testing to monitor his compliance with supervised release and treatment conditions, at the direction of his probation officer and/or treatment staff.

> i)      **Post-Incarceration Treatment** -- The Defendant will successfully complete any course of treatment related to his offense, as directed by his probation officer, including but not limited to cognitive/behavioral treatment for sexual deviancy under the direction of a qualified mental health professional who is experienced in treating and managing sexual offenders, such as a member of the Association for the Treatment of Sexual Abusers (ATSA). The defendant will follow the rules of the treatment program as if they are the orders of the Court.

> j)      **Search Provision** -- The Defendant will be subject to a search of his person, home or vehicle, and any objects or materials (including computers and other types of electronic storage media) found therein, at the discretion of his probation officer.

> k)      **Sex Offender Registration/Megan's Law/Adam Walsh Act Provision** -- The defendant has been advised, understands and agrees that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in

each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that federal law requires that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  See 42 U.S.C. § 16913(c).  State laws may be more restrictive.

The defendant has been advised and understands that Idaho law requires that such registration be updated with the sheriff of the county within two working days of coming into any county to establish permanent or temporary residence, commencement of employment or enrollment as a student in an educational institution, and provides that nonresidents employed in counseling, coaching, teaching, supervising or working with minors in any way, regardless of the period of employment, must register prior to the commencement of such employment with the sheriff of the county.  See I.C. 18-8307 (4)(a)(b).  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both, and may also subject the defendant to prosecution under state failure to register laws.

l)    **Conditional Use/Derivative Use Immunity** - As a condition of court-mandated evaluation and treatment, the defendant will be required truthfully to reveal his entire sexual history, including the possibility of other sexual crimes.  In recognition of the fact that full disclosure of that history is a necessary component of effective treatment, the government agrees that the defendant's admissions during psycho-sexual evaluation and sex offender treatment, to

sexual crimes (*excluding homicide*) previously undisclosed to any law enforcement entity, will not be used against the defendant in a new criminal prosecution. *See United States v. Antelope,* 395 F.3d 1128 (9th Cir. 2005), and *Kastigar v. United States,* 406 U.S. 441 (1972). However, the parties agree that this use immunity and derivative use immunity, is expressly conditioned, upon: 1) the defendant successfully completing sexual deviancy treatment, and 2) the defendant not materially violating the rules of supervised release, and/or committing a sexual crime or a crime involving the sexual exploitation of children after the date of this agreement. If the defendant fails to complete all aspects of treatment, or fails to comply with all material supervised release requirements, or reoffends as described above, then this immunity agreement is rescinded and the government may use defendant's statements against him.

3.      **Stipulation Regarding Sentencing Guidelines.** The defendant understands that the United States Sentencing Guidelines apply in an advisory manner and are not binding on the Court. In exchange for the concessions made by the government, including the Government agreement to dismiss counts, and the agreement of the Ada County Prosecuting Attorney to dismiss related state charges, the defendant agrees not to seek a downward departure or variance based upon the argument that there is a lack of empirical evidence to support the recommendations of advisory Sentencing Guideline sections 2G2.1 or 2G2.2.

4.      **Downward Departure or Variance Request by Defendant.** Unless otherwise specified in this paragraph, the defendant will not seek a downward departure or variance under 18 U.S.C. § 3553(a), without first notifying the Government of the defendant's intent to seek a downward departure and all of the defendant's reasons and basis therefor, such notice to be provided in writing not less than 21 days before the date set for sentencing.

## VI.   WAIVER OF APPEAL AND 28 U.S.C. § 2255 RIGHTS

A.      In exchange for this Agreement, and except as provided in subparagraph B, the defendant waives any right to appeal or to collaterally attack the entry of plea, the conviction, entry of judgment, and sentence.

The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging the plea, conviction or sentence in this case. Further, if the defendant violates this waiver it will be a breach of this Agreement and the Government may withdraw from this Plea Agreement and take other remedial action.

If the defendant believes the Government has not fulfilled its obligations under this Agreement, the defendant will object at the time of sentencing; further objections are waived.

B.      Notwithstanding subparagraph A, the defendant shall retain the right to file one direct appeal only if one of the following unusual circumstances occur; the defendant understands that these circumstances occur rarely and that in most cases this Agreement constitutes a complete waiver of all appellate rights:

1.      the sentence imposed by the District Court exceeds the statutory maximum;

2.      the District Court arrived at an advisory Sentencing Guidelines range by applying an upward departure under Chapter 5K of the Guidelines; or

3.      the District Court exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory Sentencing Guidelines range as determined by the District Court.

Notwithstanding subparagraph A, the defendant may file one habeas petition (motion under 28 U.S.C. § 2255) for ineffective assistance of counsel only if: (1) the motion is

**Plea Agreement**                                   -22-                              Rev. November 2012 (General)

based solely on information not known to the defendant at the time the District Court imposed sentence; and (2) in the exercise of reasonable diligence, the information could not have been known by the defendant at that time.

## VII.    PROVIDING INFORMATION FOR THE PRESENTENCE REPORT

The defendant agrees to provide material financial and other information requested by a representative of the United States Probation Office for use in preparing a presentence report. Failure to execute releases and provide information for the presentence report violates this Agreement and relieves the Government of its obligations in this Agreement. Such failure and response by the Government will not, however, constitute grounds for withdrawing the plea of guilty unless the Government so requests. Providing materially false information will subject the defendant to additional penalties, including an enhancement under USSG §3C1.1.

## VIII.    NO RIGHT TO WITHDRAW PLEA

The defendant understands that the Court may not follow the recommendations or requests made by the parties at the time of sentencing. The defendant cannot withdraw from this Plea Agreement or the guilty plea, regardless of the Court's actions.

## IX.    CONSEQUENCES OF VIOLATING AGREEMENT

**A.    Government's Options.** If the defendant fails to keep any promise in this Agreement or commits a new crime, the Government is relieved of any obligation to do the following: 1) make a sentencing recommendation consistent with the terms promised in this Agreement; and 2) not to prosecute the defendant on other charges, including charges not pursued due to this Plea Agreement. Such charges may be brought without prior notice. In addition, if the Government determines after sentence is imposed that the defendant's breach of the Agreement

warrants further prosecution, the Government may choose between letting the conviction(s) under this Agreement stand or vacating such conviction(s) so that such charge(s) may be re-prosecuted. If the Government determines that a breach warrants prosecution before sentencing, it may withdraw from the Plea Agreement in its entirety.

The Government's election to pursue any of the above options cannot be a basis for the defendant to withdraw the guilty plea(s) made pursuant to this Agreement.

**B.** **Defendant's Waiver of Rights.** If the defendant fails to keep any promise made in this Agreement, the defendant gives up the right not to be placed twice in jeopardy for the offenses to which the defendant entered a plea of guilty or which were dismissed under this Agreement. In addition, for any charge that is brought as a result of the defendant's failure to keep this Agreement, the defendant gives up: (1) any right under the Constitution and laws of the United States to be charged or tried in a more speedy manner; and (2) the right to be charged within the applicable statute of limitations period if the statute of limitations expired after the defendant entered into this Agreement.

## X. MISCELLANEOUS

**A.** **No Other Terms.** This Agreement is the complete understanding between the parties, and no other promises have been made by the Government to the defendant or to the attorney for the defendant. This Agreement does not prevent any governmental agency from pursuing civil or administrative actions against the defendant or any property. Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this Agreement does not bind or obligate governmental entities other than the United States Attorney's Office for the District of Idaho. The Government will bring the defendant's cooperation and pleas to the

attention of other prosecuting authorities at the defendant's or defendant's counsel's request.

   **B.**   **Plea Agreement Acceptance Deadline.** This plea offer is explicitly conditioned on the defendant's notification of acceptance of this Plea Agreement no later than 5:00 p.m. on May 15, 2013.  If the defendant fails to successfully enter a guilty plea at his Rule 11 hearing, the parties stipulate that the court shall continue the date set for trial, which is July 30, 2013, for a minimum of 30 days to allow both sides to adequately prepare for trial, and the parties stipulate that such time shall be excludable delay under provisions of 18 U.S.C. § 3161(h).

## XI.   UNITED STATES' APPROVAL

   I have reviewed this matter and the Plea Agreement.  This Agreement constitutes a formal plea offer from the Government.  Any oral discussions with the defendant and defense counsel about a plea do not constitute a plea offer.  Any written offer or Agreement made prior to this Agreement is no longer a valid offer by the Government and is rescinded.  I agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

WENDY J. OLSON
UNITED STATES ATTORNEY
By:

JAMES M. PETERS                                    5/17/13
Assistant United States Attorney                   Date

## XII.   ACCEPTANCE BY DEFENDANT AND COUNSEL

I have read and carefully reviewed every part of this Plea Agreement with my attorney. I understand the Agreement and its effect upon my potential sentence. Furthermore, I have discussed all of my rights with my attorney and I understand those rights. No other promises or inducements have been made to me, directly or indirectly, by any agent of the Government, including any Assistant United States Attorney, concerning the plea to be entered in this case. I understand that this Agreement constitutes a formal plea offer from the Government. Any oral discussions by me or my counsel with the Government about a plea do not constitute a plea offer. Any written offer or Agreement made prior to this Agreement is no longer a valid offer by the Government and is rescinded. In addition, no one has threatened or coerced me to do, or to refrain from doing, anything in connection with this case, including to enter a guilty plea. I am satisfied with my attorney's advice and representation in this case.


_____                    Date 5/14/13
JASON LLOYD SCHABER
Defendant


I have read this Plea Agreement and have discussed the contents of the Agreement with my client. The Plea Agreement accurately sets forth the entirety of the Agreement. I have conveyed all written offers from the Government to the defendant pursuant to *Missouri v. Frye*, 2012 WL 932020 (U.S. March 21, 2012). I understand that this Agreement constitutes a formal plea offer from the Government. Any oral discussions by me or my client with the Government about a plea do not constitute a plea offer. Any written offer or Agreement made prior to this

**Plea Agreement**                    -26-                    Rev. November 2012 (General)

Agreement is no longer a valid offer by the Government and is rescinded.  I concur in my client's decision to plead guilty as set forth above.

THOMAS MONAGHAN
Attorney for the Defendant

Date  5/14/13